**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

**ALLSTATE INSURANCE COMPANY** *
2775 Sanders Road
Northbrook, Illinois 60062 *

Plaintiff, *

v. * Civil Action No. ________________

**QUARRAN ALLEN** *
3641 Lyndale Avenue
Baltimore, Maryland 21213 *

and *

**STANLEY ROCHKIND** *
403 Old Crossing Drive
Pikesville, Maryland 21208 *

and *

**RHODA ROCHKIND** *
1003 Smoke Tree Road
Pikesville, Maryland 21208 *

and *

**DEAR MANAGEMENT & CONSTRUCTION COMPANY** *

*

SERVE ON: Charles Runkles
Resident Agent *
5616 Park Heights Avenue
Baltimore, Maryland 21215 *

and *

**CHARLES RUNKLES** *
5616 Park Heights Avenue
Baltimore, Maryland 21215 *

and *

**BRETTON TERRACE PARTNERSHIP** *

SERVE ON: Stanley Rochkind, G. P.
Resident Agent *
1003 Smoke Tree Road
Pikesville, Maryland 21208 *

Defendants. *

* * * * * * * * * * * * *

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Allstate Insurance Company ("Allstate"), by and through undersigned counsel and pursuant to 28 U.S.C. § 2201, files this Complaint for Declaratory Judgment against Stanley Rochkind and Rhoda Rochkind (collectively "Rochkind Insureds"), and further adds, Bretton Terrace Partnership; Charles Runkles; Dear Management & Construction Company; and Quarran Allen as parties of interest.

**Parties**

1. Allstate is a Delaware corporation licensed to conduct business in Maryland, and has its principal place of business in Illinois. Allstate issued a Personal Umbrella Policy of insurance to the Rochkind Insureds.

2. Stanley Rochkind is a resident of Baltimore County, Maryland. Prior to the filing of this declaratory action, Stanley Rochkind was named as a defendant in *Quarran Allen v. Ivy Realty, Inc., et al.,* Case No. 24-C-18-000287 LP (the "Underlying Suit"), whereby the plaintiff in the Underlying Suit, Quarran Allen ("Allen"), alleges that she contracted poisoning from lead paint from various properties, including properties owned by entities of which Stanley Rochkind is a stockholder/member/partner/manager. The Underlying Suit currently is pending in the Circuit Court of Maryland for Baltimore City. By the instant declaratory action, Allstate seeks a

declaration regarding its contractual obligations to the Rochkind Insureds relating to the claims asserted by Allen in the Underlying Suit.

3. Rhoda Rochkind is a resident of Baltimore County, Maryland. Prior to the filing of this declaratory action, Rhoda Rochkind was named as a defendant in *Quarran Allen v. Ivy Realty, Inc., et al.,* Case No. 24-C-18-000287 LP (the "Underlying Suit"), whereby the plaintiff in the Underlying Suit, Quarran Allen ("Allen"), alleges that she contracted poisoning from lead paint from various properties, including properties owned by entities of which Stanley Rochkind is a stockholder/member/partner/manager. The Underlying Suit currently is pending in the Circuit Court of Maryland for Baltimore City. By the instant declaratory action, Allstate seeks a declaration regarding its contractual obligations to the Rochkind Insureds relating to the claims asserted by Allen in the Underlying Suit.

4. Quarran Allen is an individual who is a resident of Baltimore, Maryland. He is a party of interest to this declaratory action given that he is a plaintiff in the Underlying Suit.

5. Dear Management & Construction Company is a forfeited Maryland corporation, with its principal place of business located at 5616 Park Heights Avenue, Baltimore, Maryland 21215. Dear Management & Construction Company is a party of interest in this declaratory action given it is a named defendant in the Underlying Suit.

6. Charles Runkles is a resident of Baltimore, Maryland. He is a party of interest to this declaratory action given that he is a named defendant in the Underlying Suit.

7. Bretton Terrace Partnership is a Maryland partnership, with its principal place of business located at 1003 Smoke Tree Road, Pikesville, Maryland 21208. Bretton Terrace Partnership is a party of interest in this declaratory action given it is a named defendant in the Underlying Suit.

## Jurisdiction and Venue

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1441(b). As required by 28 U.S.C. § 1332, there is complete diversity between the parties and damages exceed $75,000.00, as the Underlying Suit claims damages in excess of Seventy-Five Thousand Dollars ($75,000.00) and the Personal Umbrella Policy of insurance held by the Rochkind Insureds provides defense and indemnity coverage up to Five Million Dollars ($5,000,000). Allstate is incorporated in Delaware, with its principal place of business in Illinois. Stanley Rochkind, Rhoda Rochkind, and Allen are residents of Baltimore, Maryland.

9. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1), as the Rochkind Insureds reside in Maryland and has his principal place of business in Maryland. Venue also is appropriate pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claim occurred in Baltimore City, Maryland.

## Facts

10. On or about, January 18, 2018 Allen filed the Underlying Suit, seeking damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) against the Rochkind Insureds and other defendants in the Circuit Court of Maryland for Baltimore City. The Underlying Suit alleges, and seeks to prove, that Allen contracted harmful, elevated blood lead levels due to exposure to lead paint at the residential properties located at 3641 Greenmount Avenue (the "Subject Premises"), in Baltimore City. *See* Complaint and Demand for Jury Trial attached hereto as **Exhibit A.**

11. The Underlying Suit alleges Defendants Charles Runkles, Dear Management & Construction Company; Bretton Terrace Partnership, Rhoda Rochkind, and Stanley Rochkind in the Underlying Suit, owned the Subject Premises during the time period alleged in the

Complaint. Upon information and belief, Stanley Rochkind is a partner of Dear Management & Construction Company and Bretton Terrace Partnership.

12. The Underlying Suit alleges that the Defendants "owned, controlled, and managed" the Subject Premises. *See* **Exhibit A** at ¶ 9.

13. The Complaint in the Underlying Suit indicates that Allen resided, visited, and spent significant amounts of time at the residence located at 3641 Greenmount Avenue during 1997 to 2003.

14. Allstate issued a Personal Umbrella Policy of insurance, No.: 028737150 ("Policy"), which provided excess personal liability coverage for the Rochkind Insureds between June 13, 1988 until June 13, 2000, when it was cancelled. On June 13, 1999, an exclusion of coverage for claims alleging lead exposure went into effect. The Policy is attached hereto as **Exhibit B**.

15. Allstate contends it has no obligation to defend and/or indemnify the Rochkind Insureds for any damages arising from Allen's alleged exposure after June 13, 1999, when coverage for lead exposure under the Policy terminated.

16. As such, Allstate contends that the Rochkind Insureds are responsible for a pro-rata portion of her indemnity arising from Allen's allegations in the Underlying Suit.

17. Allstate generally denies that coverage is available for the Rochkind Insureds under the Policy for Allen's alleged injuries; however, in the event that coverage may be available under the Policy, the Policy does not provide coverage for damages that occurred on or after June 13, 1999.

**Count I – Declaratory Judgment**

18. The allegations set forth in Paragraphs 1 through 17 are incorporated herein by reference.

19. An actual and immediate controversy exists between Allstate and the Rochkind Insureds with respect to Allstate's duties and obligations under the Policy.

20. Allstate contends that under the Policy there is no indemnity coverage for any damages arising from Allen's lead exposure that occurred on or after June 13, 1999, when the Policy expired.

21. As such, Allstate contends that the Rochkind Insureds are responsible for all damages awarded to Allen that allegedly arose from exposure to lead occurring on or after June 13, 1999.

22. Pursuant to *Pennsylvania Nat'l Casualty Ins. Co. v. Roberts*, Allstate is entitled to an allocation of any potential responsibility under the Policy for damages arising from Allen's alleged exposure. 668 F.3d 106 (4th Cir. 2012)

23. Allstate is entitled to a determination of its duties with respect to the Rochkind Insureds under the terms of the Policy pursuant to 28 U.S.C. § 2201.

24. There is a bona fide, actual, present, and practical need for the declaration, which deals with a present, ascertained or ascertainable state of facts, or a present controversy as to a state of facts, and will terminate a controversy and remove an uncertainty.

WHEREFORE, Allstate respectfully requests that this Court enter an Order declaring that coverage is not available for the Rochkind Insureds under the Policy for any damages caused by lead exposure to Quarran Allen, occurring on or after June 13, 1999, that the Rochkind Insureds are responsible for all damages caused by exposure which occurred on or after June 13, 1999,

and that Allstate's share of the pro-rata allocation of liability is limited to 6.95% of the total of any judgment for Quarran Allen, with the Rochkind Insureds liable for the remaining 93.05% of the total of any judgment for Quarran Allen, pursuant to *Pennsylvania Nat'l Casualty Ins. Co. v. Roberts,* 668 F.3d 106 (4th Cir. 2012).

Date: 06/18/18

Respectfully submitted,

*/s/ Adam G. Smith*

Paul J. Weber (Bar No. 03570)
Adam G. Smith (Bar No. 19241)
Sean P. Hatley (Bar No. 20139)
Amanda C. Sprehn (Bar No. 28071)
HYATT & WEBER, P.A.
200 Westgate Circle, Suite 500
Annapolis, Maryland 21401
Phone: (410) 266-0626
Facsimile: (410) 841-5065
Email: pweber@hwlaw.com
Email: adamsmith@hwlaw.com
Email: sphatley@hwlaw.com
Email: asphren@hwlaw.com

*Counsel for Plaintiff*
*Allstate Insurance Company*